UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIEK KELLER

                                             Plaintiff,

               -against-

THE CITY OF NEW YORK, P.O. BARBARA SOBOLEWSKI, Shield No. 1673, Individually and in her Official Capacity, SGT. JWANN LAYTON, Shield No. 3917, Individually and in his Official Capacity and P.O.s "JOHN DOE" # 1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                             Defendants.

**AMENDED COMPLAINT**

**10 CV 5198**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------------ x

       Plaintiff, MALIEK KELLER, by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a twenty three (23) year old African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. BARBARA SOBOLEWSKI, SGT. JWANN LAYTON, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

13. On or about June 29, 2010, at approximately 12:55 p.m., plaintiff MALIEK KELLER was lawfully present with his co-workers getting lunch in the vicinity of 292 Lexington Avenue, in the County of Kings, in the City and State of New York.

14. As plaintiff walked back to work with his co-workers, he and his co-workers were grabbed by three police officers including defendants P.O. SOBOLEWSKI and SGT. LAYTON.

15. Defendants searched plaintiff without probable cause and reached into his underwear.

16. Defendants found no drugs, weapons, or contraband on or near plaintiff's person.

17. Notwithstanding the lack of evidence of criminal activity, defendants arrested plaintiff and brought him to the PSA3 stationhouse.

18. Plaintiff was strip searched without probable cause by defendants at the PSA3 stationhouse.

19. At no time on June 29, 2010 did defendant Police Officers possess the requisite level of suspicion to warrant an invasive strip search.

20. Defendants did not find any drugs, weapons, or contraband on or inside of plaintiff's person as a result of the strip search.

21. Notwithstanding the lack of evidence of criminal activity, defendants continued to detain plaintiff and charged him with Attempted Tampering With Physical Evidence and

Obstructing Governmental Administration in the Second Degree.

22. Plaintiff MALIEK KELLER did not attempt to tamper with evidence or obstruct governmental administration at any time on June 29, 2010.

23. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the District Attorney's Office.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25. Specifically, defendant P.O. BARBARA SOBOLEWSKI falsely claimed that she observed plaintiff throw a small bag of an unknown substance that could have been marijuana down a storm drain, preventing the Officer from recovering the bag and determining the contents of the bag.

26. Defendants' false allegations did not establish probable cause to arrest, search, or strip search plaintiff.

27. As a result of his unlawful arrest, plaintiff MALIEK KELLER spent approximately thirty five (35) hours in jail.

28. On or about October 6, 2010, the criminal prosecution against plaintiff was adjourned in contemplation of dismissal.

29. As a result of the foregoing, plaintiff MALIEK KELLER sustained, *inter alia*, loss of liberty, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, loss of income, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff MALIEK KELLER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff MALIEK KELLER sustained, *inter alia*, loss of liberty, emotional distress, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment and humiliation, loss of income, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff MALIEK KELLER

was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, searches, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" as if the same were more fully set forth at length herein.

41. Defendants created false evidence against plaintiff MALIEK KELLER.

42. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

43. Defendants misled the prosecutors by creating false evidence against plaintiff MALIEK KELLER and thereafter providing false testimony throughout the criminal proceedings.

44. In creating false evidence against plaintiff MALIEK KELLER, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of the forgoing plaintiff MALIEK KELLER was subjected to an unreasonable and intrusive strip searches that shock the conscience in violation of his rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

48. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendants arrested and incarcerated plaintiff MALIEK KELLER in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii. falsifying evidence to cover up police misconduct.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff MALIEK KELLER.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by MALIEK KELLER as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MALIEK KELLER as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MALIEK KELLER was incarcerated unlawfully for thirty five (35) hours.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff MALIEK KELLER.

62. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiff MALIEK KELLER'S constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff MALIEK KELLER of federally protected rights, including, but not limited to, the right:

1. Not to be deprived of liberty without due process of law;

2. To be free from seizure and arrest not based upon probable cause;

3. To be free from unwarranted and malicious criminal prosecution;

4. Not to have cruel and unusual punishment imposed upon him; and

5. To receive equal protection under the law.

64. By reason of the aforesaid conduct by defendants, plaintiff MALIEK KELLER requests the following relief:

A. Compensatory damages in the amount of one million dollars ($1,000,000);

B. Punitive damages in the amount of one million dollars ($1,000,000.00);

C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

D. Any further relief as the Court may find just and proper.

65. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff MALIEK KELLER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
August 17, 2011

                BY:_____
                Gerald Cohen
                Cohen & Fitch, LLP
                Attorney for Plaintiff
                225 Broadway, Suite 2700
                New York, N.Y. 10007
                (212) 374-9115
                gcohen@cohenfitch.com