UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x  **MEMORANDUM AND ORDER**
MALIEK KELLER,                                                10-cv-5198 (FB) (RML)

                Plaintiff,

    -against-

P.O. BARBARA SOBOLEWSKI, SHIELD NO.
1673, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY, AND SGT. JWANN
LAYTON, SHIELD NO. 3917, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

                Defendants.
----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
JOSHUA P. FITCH
COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, NY 10279

*For the Defendants:*
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
SUZANNA PUBLICKER
Assistant Corporation Counsel
100 Church Street, Room 3-200
New York, NY 10007

**BLOCK, Senior District Judge:**

      Plaintiff Maliek Keller has filed suit pursuant to 42 U.S.C. §§ 1983 and 1988 alleging that Defendants Police Officer Barbara Sobolewski ("Sobolewski") and Sergeant Jwann Layton ("Layton") violated his civil rights in connection with his arrest and subsequent prosecution. Plaintiff's § 1983 claims include: (1) deprivation of civil rights under the Fourth and Fourteenth Amendments; (2) false arrest; (3) deprivation of the right to a fair trial; and (4) unlawful and unreasonable search.[1] Defendants move for partial summary judgment as to the

---

[1] Plaintiff brings this last claim solely against Sergeant Layton. Although the Amended Complaint included a count for municipal liability, plaintiff has since

first three counts. For the reasons given below, the motion is granted in part and denied in part.

I

The following facts, taken from the parties' Rule 56.1 statements, are undisputed unless otherwise noted. Where disputed, they are presented in the light most favorable to the plaintiff. *See Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

While on a lunch break from work at the New York City Justice Corps in Brooklyn, plaintiff walked across the street to buy food. Upon making a purchase from the corner store and returning to his work at the community center, he was detained and arrested by defendants on suspicion of drug-related activity. According to Officer Sobolewski, prior to the arrest she had observed the plaintiff purchase marijuana from an unknown party in the vicinity of Lexington Avenue between Nostrand Avenue and Marcy Avenue, then discard the drugs into a nearby storm drain after he purportedly observed her patrol car approaching. Upon making this observation, Officer Sobolewski radioed to her team a description of the perpetrator as a "male, black, khaki pants, light-colored shirt," whereupon Sergeant Layton and non-party Police Officer Eddie Martins stopped plaintiff and Officer Sobolewski subsequently placed him under arrest. Officer Sobolewski then confirmed to her fellow officers that the plaintiff had been observed making a drug transaction, whereupon Sergeant Layton verified the arrest. Plaintiff was transported to the local precinct where he was strip searched and spent thirty-five hours in custody. No drugs were recovered from either the

---

withdrawn the *Monell* claim in its entirety.

plaintiff or the site. Plaintiff was thereafter charged with attempted tampering with physical evidence and obstructing governmental administration. However, prior to initiating the present litigation he accepted an adjournment in contemplation of dismissal ("ACD") on the charges. The ACD became final six months later, rendering the criminal matter dismissed. Plaintiff denies that he ever purchased, possessed, or disposed of the drugs described, and contends that Officer Sobolewski neither observed him nor any other individual engage in the alleged drug transactions.

II

**A.     Deprivation of Civil Rights Under the Fourth and Fourteenth Amendments**

Defendants first assert that they are entitled to summary judgment on count one alleging a general deprivation of federal civil rights. They argue that since the plaintiff's § 1983 claims are tethered to specific constitutional violations in subsequent counts, this general claim for deprivation of the rights afforded by the Fourth and Fourteenth Amendments is merely duplicative of these counts. Plaintiff does not contest this assertion. The Court agrees with the defendants and dismisses count one as academic. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.").

**B.     False Arrest**

Defendants next argue that they are entitled to summary judgment on plaintiff's false arrest claim because both Officer Sobolewski and Sergeant Layton are protected by qualified immunity. The Court finds that Officer Sobolewski is not entitled to qualified immunity, while Sergeant Layton is entitled to such protection.

3

1.    **Qualified Immunity — Officer Sobolewski**

"Qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). In the context of a false arrest claim, an official is protected by the doctrine "if it was objectively reasonable for the officer to believe that there was probable cause to make the arrest, or [] if reasonably competent police officers could disagree as to whether there was probable cause to arrest." *Petway v. City of New York*, 2012 WL 2254246, at *6 (E.D.N.Y. June 14, 2012) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)). Qualified immunity must be denied on summary judgment "if any reasonable trier of fact could find that the defendants' actions were objectively unreasonable . . . [or] when no officer of reasonable competence could have made the same choice in similar circumstances." *Lennon*, 66 F.3d at 420-21 (citing *Malley v. Briggs*, 475 U.S. 335, 340-41 (1986)). Importantly, "the focus is not on the correctness of the defendant's conduct, but rather the 'objective reasonableness' of their chosen course of action given the circumstances confronting them." *Petway*, 2012 WL 2254246, at *6 (citing *Lennon,* 66 F.3d at 421).

Viewing the evidence in a light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the Court is unable to conclude as a matter of law that it was objectively reasonable for Officer Sobolewski to believe there was probable cause to arrest the plaintiff. If plaintiff's version of events are credited, he had no involvement in either a drug purchase or disposal. Despite having no basis for suspecting plaintiff had either purchased drugs or disposed of them, Officer Sobolewski nonetheless provided a physical

description of the plaintiff by radio transmission to her team, upon which plaintiff was detained, and then placed under arrest by Officer Sobolewski. Officer Sobolewski then proceeded to inform Sergeant Layton and Officer Martins that she had observed the plaintiff making a drug transaction. Crediting plaintiff's version of the facts, a reasonable trier of fact could conclude that it would be objectively unreasonable for Officer Sobolewski to believe that she was not violating the plaintiff's constitutional rights under these circumstances. *See Lennon*, 66 F.3d at 420-21; *Weyant v. Okst*, 101 F.3d 845, 858-59 (2d Cir. 1996) (qualified immunity could not be resolved as a matter of law where the reasonableness of officers' belief that their actions were lawful depended on "sharply disputed" version of the facts); *Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir. 1994) (qualified immunity may be decided by court only where "facts concerning the availability of the defense are undisputed."). The Court concludes that Officer Sobolewski is not entitled to qualified immunity on the false arrest claim.

**2.      Qualified Immunity — Sergeant Layton**

Defendants next assert that Sergeant Layton is entitled to qualified immunity because he reasonably relied upon the information provided by Officer Sobolewski in assisting with the plaintiff's arrest. As an initial matter, both parties agree that Sergeant Layton's participation in the plaintiff's arrest was based solely upon the information provided to him by Officer Sobolewski. It is likewise undisputed that Officer Sobolewski radio transmitted to the team, including Sergeant Layton, a description of an individual who she stated she had witnessed purchasing marijuana, describing him as "male, black, khaki pants, light-colored shirt." Plaintiff, an African-American, testified that during the time in question he was

5

wearing the requisite New York City Justice Corps outfit consisting of khaki shorts or pants and a tan shirt. The parties also agree that subsequent to Sergeant Layton's detention of the plaintiff based on his having matched Officer Sobolewski's description, plaintiff was placed under arrest. Officer Sobolewski confirmed to Sergeant Layton that the plaintiff was stopped because he had been observed purchasing or exchanging marijuana for currency, and based on this information Sergeant Layton then verified the plaintiff's arrest.

Plaintiff contends that a material factual dispute exists regarding the reasonableness of Sergeant Layton's actions; thus summary judgment on grounds of qualified immunity is unwarranted. Initially, plaintiff points to his testimony that at the time he was detained and arrested, he was wearing a backpack and holding a bag containing his lunch and soda—information that was not conveyed by Officer Sobolewski in her radio transmission to the team. However, the omission of these details in the radio transmission do not render Sergeant Layton's actions objectively unreasonable. *See U.S. v. Jabbar*, 648 F. Supp. 1567, 1569-71 (S.D.N.Y. 1986) (probable cause to arrest existed where suspected drug seller was described as "a black male wearing a blue shirt with white trim in the company of another black male wearing a red and black plaid jacket" and the transmitting officer failed to mention a "large gold piece of jewelry around [the suspect's] neck"; concluding that even had the arresting officer seen such jewelry, omission of it in the description "would not constitute an unreasonable insufficiency of the description.").

Plaintiff next contends that Sergeant Layton's reliance upon the information conveyed by Officer Sobolewski was unreasonable because no drugs were found on the plaintiff, and Sergeant Layton did not himself order an examination of the storm drain. Again,

6

these facts alone are not sufficient to call into question the reasonableness of Sergeant Layton's actions. *See People v. Furet*, 851 N.Y.S.2d 396, 397 (1st Dep't 2008) (probable cause to arrest existed where defendant acted suspiciously and matched description of an individual selling drugs who was "male, black, wearing a dark jacket, tan shirt, tan pants," and where officer who had observed the transaction in question provided positive identification subsequent to detention); *Marshall v. Sullivan*, 105 F.3d 47, 54 (2d Cir. 1996) ("probable cause to arrest exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."). Given Officer Sobolewski's radio transmission to the team describing the suspect, plaintiff's match to that physical description, and Officer Sobolewski's subsequent positive identification of the plaintiff as the perpetrator, the Court is unable to conclude that a reasonable trier of fact could find that Sergeant Layton's actions were "objectively unreasonable," or that "no officer of reasonable competence could have made the same choice in similar circumstances." *See Lennon*, 66 F.3d at 420-21 (qualified immunity appropriate where no "reasonable trier of fact could find that the defendants' actions were objectively unreasonable."). Sergeant Layton is therefore entitled to qualified immunity on the false arrest claim, and summary judgment will be granted accordingly.[2]

---

[2]The defendants also contend that Sergeant Layton is entitled to summary judgment pursuant to the fellow officer's rule. In light of the Court's determination on the qualified immunity issue, there is no need to address this argument.

While plaintiff has brought suit against the defendants in both their individual and official capacities, qualified immunity provides a defense to suits brought against an officer in his individual capacity only. *See Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993) ("[A] defense of qualified immunity may properly be raised only with respect to

7

C.      **Deprivation of the Right to a Fair Trial**

A § 1983 claim for deprivation of the right to a fair trial arises "[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 127, 130 (2d Cir. 1997). As an initial matter, plaintiff concedes that while he has brought this claim against both defendants, Sergeant Layton did not provide any information to the prosecutor and cannot be held liable for the claim. Pl's Opp'n at 22 n.9. Summary judgment is therefore granted on the claim as to Sergeant Layton.

Defendants have put forth a number of arguments in favor of summary judgment on the claim as alleged against Officer Sobolewski, none of which have merit. They first argue that plaintiff's claim should be dismissed in light of his acceptance of an adjournment in contemplation of dismissal ("ACD"), which dismissed the criminal matter against him. However, as the defendants themselves admit, no precedent exists, in this circuit or otherwise, for dismissing a § 1983 claim for deprivation of the right to a fair trial in light of a plaintiff's acceptance of an ACD. Defendants are likewise in error when they assert that a deprivation of fair trial claim requires either a conviction or trial. *See Ricciuti*, 124 F.3d at 127, 130 (finding summary judgment inappropriate on a § 1983 deprivation of fair trial claim where the criminal charges against the plaintiffs had been dismissed prior to their filing the suit); *Douglas v. City of New York*, 595 F. Supp. 2d 333, 346-47 (S.D.N.Y. 2009) ("The Second Circuit has permitted a claim under § 1983 for violation of the right to a fair trial to proceed even

---

claims asserted against a defendant in his individual capacity. Qualified immunity is not a defense to a claim against a municipal official in his official capacity."). Summary judgment is therefore granted on the false arrest claim as brought against Sergeant Layton in his individual capacity only.

8

where no trial took place."). Similarly, defendants fail in their argument that the plaintiff's claim cannot stand because there has been no "favorable termination"—this requirement is an element of a claim for malicious prosecution, not deprivation of a fair trial. *See Ricciuti*, 124 F.3d at 130-31 (recognizing that deprivation of a fair trial claim is distinct from a malicious prosecution claim).

Finally, while the defendants assert that plaintiff's acceptance of the ACD "negates" any harm that he may have suffered from Officer Sobolewski's fabrication of false evidence, this argument fails to acknowledge that the harm suffered by an individual bringing a deprivation of the right to a fair trial claim is the "deprivation of liberty" that occurs "because of the fabrication." *See Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000); *see also Douglas*, 595 F. Supp. 2d at 347 n.6 ("While there is no constitutional right to be free from having evidence fabricated against an individual, the offense rises to a constitutional violation if one is deprived of his liberty because of the fabrication.") (citation omitted). Crediting plaintiff's version of the facts, Officer Sobolewski knowingly made false statements reporting that she had observed him purchase and dispose of marijuana. As a result of these statements, plaintiff was detained and arrested. Officer Sobolewski then filled out false and misleading police reports, forwarded them to prosecutors in the District Attorney's Office, and repeatedly gave false testimony about having observed plaintiff engaging in the aforementioned conduct. Plaintiff states that because of Officer Sobolewski's wrongful actions, he spent thirty-five hours in jail.

On plaintiff's version of events, a reasonable jury could find that Officer Sobolewski lacked probable cause to make the arrest, and that she then knowingly forwarded

9

false information to prosecutors. These actions, if credited, would be sufficient to violate plaintiff's constitutional right to a fair trial. *See Douglas*, 595 F. Supp. 2d at 347 (denying summary judgment under similar circumstances and where no trial took place); *Ricciuti*, 124 F.3d at 130 (finding summary judgment inappropriate where based on the evidence a reasonable jury could find that the defendants conspired to fabricate and forward to prosecutors false evidence almost certain to influence a jury's verdict). Defendants' motion for summary judgment on plaintiff's deprivation of the right to a fair trial claim as alleged against Officer Sobolewski is therefore denied.

### III

For the above stated reasons, defendants' motion for partial summary judgment is granted in part, denied in part. Count one is dismissed as academic; and the motion is granted as to count two, alleging false arrest as against Sergeant Layton in his individual capacity, and count three, alleging deprivation of a fair trial as against Sergeant Layton. The motion is denied in all other respects.

**SO ORDERED.**              /s/ Judge Frederic Block

                                                           FREDERIC BLOCK
                                                           Senior United States District Judge

Brooklyn, New York
October 12, 2012